THE PEOPLE, on the relation of J. COMSTOCK, *vs.* CHESTER HAYDEN, first judge of Oneida C. P.

A party is not entitled to the allowance of an appeal unless the affidavit upon which the allowance is asked is made within *ten* days after the rendition of the justice's judgment.

MOTION for a mandamus. Judge Hayden, a commissioner *ex officio*, to execute the duties of a judge of this court at chambers refused to endorse his allowance of an appeal from a judgment rendered in a justice's court, because the affidavit setting forth the proceedings before the justice was *not* made within ten days after the rendering of the judgment, which was on the 22d January, and the affidavit was not made until the 4th February. A mandamus was now asked for directing the commissioner to endorse his *allocatur*.

*W. C. Noyes*, for the motion, insisted that the clause of the statute relating to the time of the making of the affidavit

was merely directory, and that the appeal should be sustained if the affidavit was in fact made and the other requisitions of the statute complied with within *thirty* days after the rendition of the judgment. (2 *Revised Statutes*, 258, § 187 and 191.)

*By the Court*, SAVAGE, C. J.   Although by the provisions of the statute it is not declared that the appeal shall be of no effect if the affidavit on which the allowance is to be endorsed is not made within ten days, still the statute is positive, that the party intending to appeal shall present his affidavit setting forth the testimony and proceedings before the justice, and the grounds upon which the allegation of error is founded, or upon which a new trial is claimed, within ten days after the rendition of the judgment.   A party wishing to avail himself of the remedy given by the statute must bring himself strictly within it or he is not entitled to its benefits. *The motion therefore is denied.*